## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABDULIA TALL<br>1970 Veterans Highway, Apt. L2<br>Levittown, PA 19056 | :<br>:<br>: |
| Plaintiff, | :<br>:<br>: |
| v. | :<br>: |
| KEYSTONE HUMAN SERVICE<br>SYSTEMS, INC., d/b/a KEYSTONE<br>HUMAN SERVICES MID ATLANTIC<br>124 Pine Street<br>Harrisburg, PA, 17101 | :<br>:<br>:<br>:<br>: |
| and<br>WILLIAM D'ANDREA<br>124 Pine Street<br>Harrisburg, PA, 17101 | :<br>:<br>:<br>: |
| and<br>VICTORIA HOSHOWER<br>124 Pine Street<br>Harrisburg, PA, 17101 | :<br>:<br>:<br>:<br>: |
| Defendants. | :<br>: |

CIVIL ACTION

CASE NO.: _____

**JURY TRIAL DEMANDED**

### CIVIL ACTION COMPLAINT

Plaintiff, Abdulia Tall (hereinafter referred to as "Plaintiff" unless indicated otherwise), hereby complains as follows against Keystone Human Service Systems, Inc., William D'Andrea, and Victoria Hoshower (hereinafter referred to as "Defendants" unless otherwise indicated), and avers as follows:

### INTRODUCTION

1.      Plaintiff initiates the instant action to redress violations by Defendants of the 42 U.S.C. § 1981, the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§2601 *et. seq.*), and Title VII of the Civil Rights Act of 1964 ("Title VII" - 42 U.S.C. §§ 2000d *et. seq.*).  The terms

and conditions of Plaintiff's employment were unlawfully altered, and he was terminated in violation of the above laws.

## JURISDICTION AND VENUE

2.    This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims, because this civil action arises under a law of the United States.

3.    This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

4.    Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district and Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants citizens of the District of New Jersey.

5.    Plaintiff is proceeding herein under Title VII and has properly exhausted his administrative remedies by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right-to-sue letter from the EEOC.

## PARTIES

6.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.    Plaintiff is an adult individual, with an address as set forth in the caption.

8.     Defendant Keystone Human Services, Inc. ("Defendant Keystone" if referred to individually) is an entity that provides care, assistance, and living oversight for individuals who suffer from mental retardation, autism, and other mental health problems.

9.     Defendant William D'Andrea was at all times relevant during Plaintiff's period of employment a service director who directly oversaw Plaintiff.

10.     Defendant Victoria Hoshower was at all times relevant during Plaintiff's period of employment the regional director of Defendant Keystone who also supervised Plaintiff and Defendant D'Andrea.

11.     Defendant Keystone is an "employer" within the meaning of the FMLA because, at all times relevant herein, Defendants have employed at least fifty (50) or more employees for at least 20 weeks during each calendar year of Plaintiff's employment with Defendant Keystone.

## FACTUAL BACKGROUND

12.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13.     Plaintiff is a black, African male who was born in Liberia.

14.     Plaintiff was hired by Defendant Keystone on or about June 1, 2008.

15.     Plaintiff was employed with Defendant Keystone as a program director.

16.     During Plaintiff's period of employment with Defendant Keystone, he was supervised by one William D'Andrea (non-African).

17.     Defendant D'Andrea worked as a Service Director for Defendant Keystone and at all times relevant herein worked as Plaintiff's immediate manager who oversaw Plaintiff, directed Plaintiff, and controlled the terms and conditions of his employment.

3

18.     Defendant Hoshower worked as a Regional Director for Defendant Keystone and at all relevant times herein supervised Plaintiff, controlled the terms and conditions of his employment, and also supervised Defendant D'Andrea.

19.     Plaintiff performed his job very well, was ethical, and worked for Defendant Keystone for approximately 17 months.

20.     Plaintiff was terminated from Defendant Keystone on or about October 21, 2010.

21.     The purported reason for Plaintiff's termination from Defendant Keystone was that on or about September 20, 2009, one of Defendant Keystone's clients was not taken to Dorney Park by someone Plaintiff oversaw and for failing to ensure that this individual's scheduled activity was followed.

22.     The employee who was supposed to take the client to Dorney Park, one Randy McCurry, did in fact take the client to Dorney Park, and Plaintiff did not fail to oversee anyone, nor did the client fail to follow his activities schedule.

23.     Plaintiff was terminated for an objectively false reason.

### First Cause of Action
### Violations of Title VII
### (Racial/National Origin Discrimination - Wrongful Termination)
### - Against Defendant Keystone Only -

24.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

25.     Discriminatory comments were made about Plaintiff's accent and about African employees in general by Defendants D'Andrea and Hoshower.

26.     In at least one conversation between Defendants D'Andrea and Hoshower shortly before Plaintiff's termination, they discussed getting rid of Africans from Defendant Keystone because there were too many.

27.    Defendants D'Andrea and Hoshower specifically controlled the terms of Plaintiff's employment, participated in the decision to terminate him, and discriminated against him because of his race and/or national origin.

28.    Plaintiff was replaced by a non-African, Caucasian female.

29.    Plaintiff believes and therefore avers that a determinative factor in the decision to terminate him was his race and/or national origin.

**Second Cause of Action**
**Violations of 42 U.S.C. Section 1981**
**(Racial Discrimination - Wrongful Termination)**
**- Against All Defendants -**

30.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

31.    Discriminatory comments were made about Plaintiff's accent and about African employees in general by Defendants D'Andrea and Hoshower.

32.    In at least one conversation between Defendants D'Andrea and Hoshower shortly before Plaintiff's termination, they discussed getting rid of Africans from Defendant Keystone because there were too many.

33.    Defendants D'Andrea and Hoshower specifically controlled the terms of Plaintiff's employment, participated in the decision to terminate him, and discriminated against him because of his race, ethnic characteristics, and/or ancestry.

34.    Plaintiff was replaced by a non-African / non-black, Caucasian female.

35.    Plaintiff believes and therefore avers that a determinative factor in the decision to terminate him was his race.

36.    These actions as aforesaid constitute violations of 42 U.S.C. Section 1981.

**Third Cause of Action**
**Violations of the Family and Medical Leave Act ("FMLA")**
**(Retaliation)**
**- Against All Defendants -**

37.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

38.     In late 2009, Plaintiff was suffering from some mental health problems (i.e. anxiety and depression).

39.     Plaintiff took a medical leave from Defendant Keystone that commenced on or about June 18, 2009.

40.     Plaintiff worked for Defendant Keystone, and entity that employed at least 50 or more employees within 75 miles of his work location in 2009.

41.     Plaintiff worked for Defendant Keystone for more than 1,250 hours in the year preceding his June 2009 medical leave from Defendant Keystone.

42.     Plaintiff had been employed with Defendant Keystone for more than 1 year as of June 2009.

43.     Plaintiff was eligible for FMLA leave under Defendant Keystone's practices and procedures as of June 2009.

44.     Plaintiff provided Defendant Keystone with medical documentation to support his need for a medical leave that commenced in June of 2009.

45.     Defendant Keystone approved Plaintiffs' medical leave commencing in June of 2009 as an FMLA leave and designated his time off from work as FMLA qualifying.

46.     Plaintiff's medical leave of absence from Defendant Keystone was for at least 2 months.

47.   Plaintiff was terminated shortly after his return from an FMLA-qualifying medical leave of absence.

48.   Plaintiff believes and therefore avers herein that one determinative factor in his termination was him taking an FMLA-qualifying medical leave of absence.

### Fourth Cause of Action
### Common-Law Wrongful Discharge
### (Refusal to Engage in Unlawful Activity)
### - Against Defendant Keystone Only -

49.   The foregoing paragraphs are fully incorporated herein as though set forth at length.

50.   Prior to Plaintiff's termination, a client of Defendant Keystone was killed by police when the client with mental health problems traveled without an escort to the Oxford Valley Mall in Langhorne, Pennsylvania.

51.   Plaintiff was specifically directed by Defendant Keystone's management to falsify documentation to reflect that the client was not supposed to be in the care of any employees of Defendant Keystone, which would have been false.

52.   One of the primary forms Plaintiff was directed to falsify was an "Encounter Form" for late April 2009.

53.   An Encounter Form is a document maintained by Defendant that contains a log of each and every employee who was in charge of supervising clients along with the dates, the start and finish times and signatures verifying same.

54.   Defendants' management also directed Plaintiff to lie should he be asked about the falsification in the medical documentation, including but not limited to, the "Encounter Form."

55.     Plaintiff specifically told management he would not falsify documentation or lie that the client was not under Defendant Keystone's supervision at the time of his death or trip to the Oxford Valley Mall.

56.     Falsifying medical documentation and making misrepresentations to state or federal agencies who oversee Defendant Keystone would constitute criminal conduct, both of which Plaintiff objected to while in the employ of Defendant Keystone.

57.     Falsifying medical documentation such as an Encounter Form would also constitute unlawful billing practices as Plaintiff would have had to misrepresent time billed for a client in Defendant Keystone's care.

58.     Plaintiff's termination in part because of his objection to falsifying medical documents and his refusal to maintain a false story to regulatory agencies constitutes common-law wrongful discharge in Pennsylvania. *See e.g. Hansrote v. American Industrial Techniques Inc.*, 586 F.Supp. 113 (W.D. Pa. 1984), *aff'd.* 770 F.2d 1070 (3d Cir. 1985).

**WHEREFORE,** Plaintiff prays that this Court enter an Order providing that:

A.     Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating against and/or retaliating against employees and are to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

B.     Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered interference and/or retaliation at the hands of Defendants until the date of verdict;

C.    Plaintiff is to be awarded liquidated or punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D.    Plaintiff is to be awarded damages for emotional distress and/or pain and suffering and is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate;

E.    Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G.    Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF & KARPF, P.C.**

Ari R. Karpf, Esquire
3070 Bristol Pike
Building 2, Suite 231
Bensalem, PA 19020
(215) 639-0801

Dated: November 16, 2010

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Abdulia Tau                                    CIVIL ACTION

v.

Keystone Human Service Systems, Inc. dlbla
Keystone Services Mid Atlantic, et al.          NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                           ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                       ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.           (X)

11/10/2010        Avi R. Karpf           Plaintiff
**Date**          **Attorney-at-law**    **Attorney for**

215-639-0801      215-639-4070           akarpf@karpf-law.com
**Telephone**     **FAX Number**         **E-Mail Address**

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 970 Veterans Highway, Apt L2, Levittown PA 19050

Address of Defendant: 124 Pine Street, Harrisburg PA 17101

Place of Accident, Incident or Transaction: Defendants Place of business

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☑

Does this case involve multidistrict litigation possibilities?     Yes☐  No☑

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, Avi R. Karpf , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 11/16/2010 _____ 91538
                        Attorney-at-Law              ARK 2494
                                                     Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/16/2010 _____ ARK 2494
                        Attorney-at-Law              Attorney I.D.#
                                                     91538

CIV. 609 (6/08)

JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
TALL, ABDULIA

## DEFENDANTS
KEYSTONE HUMAN SERVICE SYSTEMS, INC., d/b/a
KEYSTONE HUMAN SERVICES MID ATLANTIC

**(b)** County of Residence of First Listed Plaintiff   **Bucks**

County of Residence of First Listed Defendant   **Dauphin**

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)

Karpf & Karpf, P.C., 3070 Bristol Pike, Building 2 Suite 231, Bensalem PA 19020, (215) 639-0801, akarpf@karpf-law.com

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                        and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | **PERSONAL INJURY** | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 365 Personal Injury - Product Liability | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 380 Other Personal Property Damage | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | |
| | | | ☐ 465 Other Immigration Actions | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42USC1981, Family and Medical Leave Act "FMLA" 29 USC 2601 and Title VII 42USC 2000d

Brief description of cause:
Violations of 42USC1981, FMLA and Title VII

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) (See instructions):

JUDGE                                        DOCKET NUMBER

Explanation:

DATE   11/16/2010

SIGNATURE OF ATTORNEY OF RECORD